# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-892V
Filed: June 3, 2019

\* \* \* \* \* \* \* \* \* \* \* \* \*
BARBARA FANTELL, *as mother and*    \*        UNPUBLISHED
*natural guardian of minor, H.F., and*    \*
SCOTT FANTELL, *as father and*    \*
*natural guardian of minor, H.F.,*    \*
   \*        Decision on Joint Stipulation;
      Petitioners,    \*        Idiopathic Thrombocytopenia
   \*        Purpura ("ITP"); Measles-
v.    \*        mumps-rubella ("MMR")
   \*        Vaccine; Inactivated poliovirus
SECRETARY OF HEALTH    \*        ("IPV") Vaccine;
AND HUMAN SERVICES,    \*        Meningococcal ("MCV") Vaccine
   \*
      Respondent.    \*
\* \* \* \* \* \* \* \* \* \* \* \* \*

*Jeffrey Pop, Esq.*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner.
*Daniel Anthony Principato, Esq.*, US Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On June 29, 2017, Barbara and Scott Fantell ["petitioners"] filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf of their minor child, H.F. Petitioners allege that H.F. developed idiopathic thrombocytopenia purpura ("ITP") after receiving measles-mumps-rubella ("MMR"), inactivated poliovirus ("IPV"), and meningococcal ("MCV") vaccinations on or about February 13, 2015. Stipulation, filed May 31,

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2019, at ¶¶ 1-4. Respondent denies that any of the aforementioned immunizations caused H.F.'s injury. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On May 31, 2019, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payment:

> **A lump sum of $75,000.00 in the form of a check payable to petitioners, as guardians/conservators of H.F.'s estate.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

BARBARA FANTELL, as mother and
natural guardian of minor, H.F., and
SCOTT FANTELL, as father and natural
guardian of minor, H.F.,

        Petitioners,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 17-892V
Special Master Roth
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their minor child, H.F., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to H.F.'s receipt of the measles-mumps-rubella ("MMR"), inactivated polio ("IPV"), and meningococcal vaccines ("MCV"), which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. H.F. received the MMR, IPV, and MCV vaccinations on or about February 13, 2015.

3. The vaccines were administered within the United States.

4. Petitioners allege that the vaccines caused H.F. to develop idiopathic thrombocytopenia purpura ("ITP"), and that H.F. experienced the residual effects of this condition for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages as a result of H.F.'s condition.

6. Respondent denies that the MMR, IPV, and/or MCV immunizations are the cause of H.F.'s alleged ITP, and/or any other injuries.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum payment of $75,000.00, in the form of a check payable to petitioners, as guardians/conservators of H.F.'s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

2

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of H.F. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of H.F.'s estate under the laws of the State of Florida. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians of H.F.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians of H.F.'s estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of H.F. upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacities and as legal representatives of H.F., on behalf of themselves, H.F., and her heirs, executors, administrators, successors and/or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that

3

have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of H.F. resulting from, or alleged to have resulted from, the MMR, IPV, and MCV vaccines administered on or about February 13, 2015, as alleged by petitioners in a petition for vaccine compensation filed on or about June 29, 2017, in the United States Court of Federal Claims as petition No. 17-892V.

15. If H.F. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

4

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the MMR, IPV, and/or MCV vaccines caused H.F.'s alleged ITP, and/or any other injury.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of H.F.

END OF STIPULATION

Respectfully submitted,

**PETITIONERS:**

_[signature]_
BARBARA FANTELL

_[signature]_
SCOTT FANTELL

**ATTORNEY OF RECORD FOR**
**PETITIONER:**

_[signature]_
JEFFREY S. POP
Jeffrey S. Pop & Associates
9150 Wilshire Blvd.
Suite 241
Beverly Hills, CA 90212
(310) 273-5462

**AUTHORIZED REPRESENTATIVE**
**OF THE ATTORNEY GENERAL:**

_[signature]_
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE**
**OF THE SECRETARY OF HEALTH**
**AND HUMAN SERVICES:**

_Ward Sorensen for_
NARAYAN NAIR, MD
Director, Division of Injury Compensation
        Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR**
**RESPONDENT:**

_[signature]_
DANIEL A. PRINCIPATO
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-3662

Dated: 5/31/2019

6